IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORI A. HELMER,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-cv-01039-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on petitioner Lori A. Helmer's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has not filed a response and the time for doing so has not expired. However, a response from the government is not required by the Court. For the following reasons, the Court denies Ms. French's motion.

1. **Background**

    On November 15, 2013, Ms. Helmer pleaded guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. *See United States v. Helmer*, Case No. 13-cr-40089-JPG-3 (Doc. 65). On February 6, 2015, the undersigned Judge sentenced Ms. Helmer to 87 months imprisonment, three years supervised release, a $100 special assessment, and a $100 fine[1]. (Doc. 126, 13-cr-40089). The Court found that there were no aggravating or mitigating role adjustments. (Doc. 128, 13-cr-40089).

    Ms. Helmer's § 2255 motion argues that Amendment 794 with regard to a mitigating role reduction should be applied retroactively to her sentence. She states that she, "was a mere 'peon' in the entire scheme" and that her role was minor compared with other in the conspiracy.

---

[1] The 2013 United States Sentencing Guidelines, incorporating all guideline amendments, was used to calculate defendant's offense level and recommended sentencing range.

2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). No evidentiary hearing has been conducted in this matter as the records and files clearly demonstrate that Ms. Helmer is not entitled to any relief.

Amendment 794 to the United States Sentencing Guidelines became effective on November 1, 2015. Although Amendment 794 has been held retroactive on direct appeal, it has not been held retroactive for collateral review. *See* U.S.S.G §§ 1B1.10(d)(listing covered amendments for retroactivity); *U.S. v. Quintero-Leyva*, 823 F.3d. 519, 521 nt 1 (9th Cir. 2016)(holding that Amendment 794 applies retroactively in direct appeals, but declining to determine whether the amendment applies to "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings."). The petitioner has not cited to any controlling case law that Amendment 794 applies retroactively. As such, the Court properly used the sentencing guideline manual in effect on the date of the petitioner's sentencing. *See* U.S.S.G § 1B1.11.

### 3. Certificate of Appealability

Having denied Ms. Helmer's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Ms. Helmer has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Ms. Helmer may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

### 4. Conclusion

Accordingly, this Court **DENIES** Ms. Helmer's § 2255 Motion (Doc. 1) and **DISMISSES** this action. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly. Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 9/21/2016                             *s/J. Phil Gilbert*
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**

3