## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORI A. HELMER,

        Petitioner,

    vs.                       Case No. 16-cv-01039-JPG

UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM AND ORDER

This matter comes before the Court *sua sponte* pursuant to Federal Rule of Civil Procedure 59 to alter or amend its Judgment (Doc. 3) of September 21, 2016. The Court has received several of these motions within the past month and all have incorrectly asserted that Amendment 794 applies retroactively. The Court is concerned that this standard motion is being distributed throughout the petitioner's facility and that the petitioner was confused and selected the wrong vehicle for her request although it was clearly labeled as a § 2255 motion. As a result, she has subjected herself to the second or successive motion filing restrictions contained in 28 U.S.C. § 2255, ¶ 8, and she is unable to file another § 2255 motion without obtaining permission from the Court of Appeals, which grants such permission only in limited circumstances.

Ordinarily, a defendant who believes she is entitled to a lower sentence based on a retroactive guideline amendment will seek such a reduction under 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255. Therefore, upon reconsideration, the Court will give the petitioner an opportunity to withdraw the petition and avoid the second or successive motion filing restrictions, and instead have the motion filed in her criminal case under 18 U.S.C. § 3582(c)(2).

The Court therefore **ORDERS** that the petitioner shall have up to and including **October 21, 2016,** to file a motion to withdraw her § 2255 motion and have it filed instead as a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2).   If the petitioner fails to timely file a motion to withdraw her § 2255 motion, the judgment of the Court will remain as entered.

**IT IS SO ORDERED.**

**DATED:**  9/22/2016

_s/J. Phil Gilbert_
**J. PHIL GILBERT**
**DISTRICT JUDGE**